# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN K. TOMLINSON, | Case No. CV 15-0107-DMG (JEM) |
| Petitioner, | |
| v. | **ORDER SUMMARILY DISMISSING PETITION FOR LACK OF JURISDICTION AND DENYING A CERTIFICATE OF APPEALABILITY** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

On January 7, 2015, Brian K. Tomlinson ("Petitioner"), a prisoner in federal custody proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition").  (Docket No. 1.)

## PRIOR PROCEEDINGS

On August 12, 2010, in the case United States v. Tomlinson, 3:06-cr-02222-L (S.D. Cal.), Petitioner pled guilty to various federal criminal charges.  (United States v. Tomlinson, 3:06-cr-02222-L (S.D. Cal.), Docket No. 98.)  Thereafter, Petitioner was sentenced to a total term of 78 months in the custody of the Bureau of Prisons.  (United States v. Tomlinson, 3:06-cr-02222-L (S.D. Cal.), Docket No. 115.)  Petitioner is presently incarcerated at the Los Angeles Metropolitan Detention Center pursuant to the judgment of conviction.  (Petition at 1.)

**DISCUSSION**

**I.    THE COURT LACKS JURISDICTION OVER PETITIONER'S CLAIMS CHALLENGING HIS CRIMINAL CONVICTION AND/OR SENTENCE**

Pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, a district court may summarily dismiss a habeas corpus petition, before the respondent files an answer, "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."[1]  The notes to Rule 4 state: "'a dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition.'"  See Boyd v. Thompson, 147 F.3d 1124, 1127-28 (9th Cir. 1998); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989).  Because Petitioner has stated no viable basis for habeas corpus relief over which the Court has jurisdiction, the Petition must be dismissed without prejudice.

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988).  The motion must be filed in the district where the defendant was sentenced because only the sentencing court has jurisdiction.  Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000); Tripati, 843 F.2d at 1163.

Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Stephens, 464 F.3d at 897; Tripati, 843 F.2d at 1162.  Rather, a § 2241 habeas petition is the means by which a prisoner challenges the manner, location, or conditions of that sentence's execution.  Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

---

[1]  The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion.  See Rule 1 of the Rules Governing Section 2254 Cases.  Accordingly, the Court will exercise its discretion in this case and apply the section 2254 rules to the instant habeas petition.

A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 only if he can show the remedy available under § 2255 to be "inadequate or ineffective to test the legality of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting § 2255). This exception is very narrow. Id.; see also Aronson v. May, 85 S.Ct. 3, 5 (1964) (denial of a prior § 2255 motion is insufficient to render § 2255 inadequate); United States v. Valdez–Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by filing a petition for writ of audita querela pursuant to the All Writs Act, 28 U.S.C. § 1651); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (§ 2255 not inadequate or ineffective merely because court of appeals refuses to certify second or successive motion to vacate); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (dismissal of a successive motion pursuant to § 2255 did not render such motion procedure an ineffective or inadequate remedy so as to authorize a federal prisoner to seek habeas relief); Tripati, 843 F.2d at 1162-63 (petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate). A prisoner challenging the validity of his conviction or sentence may invoke this exception in § 2255 and bring a petition pursuant to § 2241 only if he: "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens, 464 F.3d at 898 (citations omitted); see also Ivy v. Pontesso, 328 F.3d 1057, 1060 (9th Cir. 2003).

The burden is on the petitioner to show that the § 2255 remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963). If a petitioner proceeding pursuant to § 2241 fails to meet this burden, the § 2241 petition will be dismissed for lack of jurisdiction. Ivy, 328 F.3d at 1061.

In the Petition, Petitioner is challenging the validity and constitutionality of his conviction and/or sentence rather than the administration of his sentence.[2] (See Petition at

_____

[2] To the extent Petitioner purports to challenge his prior habeas corpus proceedings in the District Court for the Southern District of California (Petition, Exhibits at 3-5), this Court lacks jurisdiction over Petitioner's claims. Pursuant to 28 U.S.C. § 1331, Congress

1 (challenging Petitioner's "conviction and sentenc[e]" based on <u>inter</u> <u>alia</u> "prosecutorial

misconduct and withholding exculpatory evidence"); <u>see</u> <u>also</u> <u>id.</u> at 2, 4.)  There is nothing to

indicate that Petitioner's remedy under § 2255 is inadequate or ineffective.  Accordingly, the

appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas

petition pursuant to § 2241.  The Petition should be dismissed for lack of jurisdiction to the

extent Petitioner is challenging his underlying criminal conviction and/or sentence.[3]

## III.   THE COURT DECLINES TO CONSTRUE THE PETITION AS A SECTION 1983 COMPLAINT TO THE EXTENT PETITIONER CHALLENGES HIS CONDITIONS OF CONFINEMENT

The petition should also be dismissed to the extent that Petitioner is challenging the

conditions of his confinement (<u>see</u>, <u>e.g.</u>, Petition at 3), and not the legality or duration of

Petitioner's confinement.

 "Traditionally, challenges to prison conditions have been cognizable only via [42

U.S.C.] § 1983 while challenges implicating the fact or duration of confinement must be

brought through a habeas petition."  <u>Docken v. Chase</u>, 393 F.3d 1024, 1026 (9th Cir. 2004);

<u>see</u> <u>also</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 499 (1973) (a civil rights action under § 1983

"is a proper remedy for a state prisoner who is making a constitutional challenge to the

_____

has vested federal district courts with the power to exercise original, not appellate, jurisdiction over civil actions arising under the Constitution.  <u>See</u> <u>Exxon Mobil Corp. v. Saudi Basic Industries Corp.</u>, 544 U.S. 280, 284 (2005).

    [3]   Transfer to the sentencing court, <u>i.e.</u>, the District Court for the Southern District of California, in lieu of dismissal would not be appropriate.  <u>See</u> <u>Cruz-Aguilera v. INS</u>, 245 F.3d 1070, 1074 (9th Cir. 2001) (transfer under 28 U.S.C. § 1631 is appropriate if "(1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice").  Petitioner has already filed several Section 2255 motions in the District Court for the Southern District of California.  (<u>See</u>, <u>e.g.</u>, <u>United States v. Tomlinson</u>, 3:06-cr-02222-L (S.D. Cal.), Docket Nos. 119, 124, 137, 156.)  He cannot bring another Section 2255 motion unless he obtains certification from the Ninth Circuit to file a "second or successive" motion.  <u>United States v. Washington</u>, 653 F.3d 1057, 1059 (9th Cir. 2011), <u>cert.</u> <u>denied</u>, 132 S. Ct. 1609 (2012).  Since there is no indication that Petitioner has obtained the required certification from the Ninth Circuit, the District Court for the Southern District of California would also lack jurisdiction over his Section 2255 motion.  <u>See</u> 28 U.S.C. §§ 2244(a), (b)(3), 2255(h); <u>Burton v. Stewart</u>, 549 U.S. 147, 152-53 (2007) (per curiam); <u>Cooper v. Calderon</u>, 274 F.3d 1270, 1274-75 (9th Cir. 2001).

conditions of his prison life, but not to the fact or length of his custody"); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (prisoner should challenge "legality or duration" of confinement in habeas corpus proceeding and challenge conditions of confinement in civil rights action). A habeas petition may be construed as a Section 1983 civil rights complaint, but a court is not required to do so. Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (per curiam), superceded by statute on other grounds as recognized in Woodford v. Ngo, 548 U.S. 81, 84 (2006); see, e.g., Zavala v. Copenhaver, 2014 WL 4249627, at *3 (E.D. Cal. 2014).

The Court declines to construe the Petition as a civil rights complaint because of various differences in the procedures undertaken in habeas proceedings and civil rights actions. Since the time when the Wilwording case was decided, there have been significant changes in the law. For instance, the filing fee for a habeas petition is five dollars, and if leave to proceed in forma pauperis is granted, the fee is forgiven. However, the fee is now $350 for civil rights cases and under the Prisoner Litigation Reform Act, the prisoner is required to pay it by way of deductions from income to the prisoner's trust account, even if granted in forma pauperis status. See 28 U.S.C. § 1915(b)(1). A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the $350 fee would be deducted from income to his or her account. In addition, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

In view of these potential pitfalls for Petitioner if the Petition were construed as a civil rights complaint, the case should be dismissed without prejudice. Should Petitioner wish to pursue his claims challenging the conditions of his confinement, he must do so by filing a civil rights complaint pursuant to 42 U.S.C. § 1983.

## CERTIFICATE OF APPEALABILITY

Under the AEDPA, a state prisoner seeking to appeal a district court's final order in a habeas corpus proceeding must obtain a Certificate of Appealability ("COA") from the district judge or a circuit judge. 28 U.S.C. § 2253(c)(1)(A). A COA may issue "only if the applicant

1   has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2);

2   accord Williams v. Calderon, 83 F.3d 281, 286 (9th Cir.), cert. denied, 517 U.S. 1183

3   (1996).  "A petitioner satisfies this standard by demonstrating that jurists of reason could

4   disagree with the district court's resolution of his constitutional claims or that jurists could

5   conclude the issues presented are adequate to deserve encouragement to proceed further."

6   Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); see also Slack v. McDaniel, 529 U.S. 473,

7   483-84 (2000).

8        When a district court dismisses a petition on procedural grounds, the reviewing court

9   should apply a two-step analysis, and a COA should issue if the petitioner can show both:

10  (1) "that jurists of reason would find it debatable whether the district court was correct in its

11  procedural ruling[;]" and (2) "that jurists of reason would find it debatable whether the

12  petition states a valid claim of the denial of a constitutional right[.]"  Slack, 529 U.S. at 478.

13       The Court is dismissing the Petition without prejudice because 28 U.S.C. § 2241 is

14  not the proper avenue for raising Petitioner's claims, and the Court does not have

15  jurisdiction over the Petition pursuant to 28 U.S.C. § 2255 because the sentencing court is

16  the District Court for the Southern District of California.  Finally, transfer to the District Court

17  for the Southern District of California in lieu of dismissal would not be appropriate because

18  the Petition is a second or successive motion under Section 2255.  In light of the foregoing,

19  Petitioner cannot make the requisite showing "that jurists of reason would find it debatable

20  whether the district court was correct in its procedural ruling."  Slack, 529 U.S. at 478.

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28                              **ORDER**

Based on the foregoing, IT IS ORDERED THAT:

1.  The Petition is **dismissed without prejudice** for lack of jurisdiction;

2.  A Certificate of Appealability is **denied**.

DATED:  March 26, 2015

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE